Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: ikharasch@pszjlaw.com
        vnewmark@pszjlaw.com

Christopher B. Harwood (*pro hac vice* application forthcoming)
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue,
New York, NY 10017
Telephone: 212-856-9600
Facsimile:  212-856-9494
E-mail: charwood@maglaw.com

Attorneys for Defendant Inlane, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. 8-25-ap-01043-SC<br><br>**DEFENDANT INLANE, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>DATE:<br>TIME:    [No Hearing Required]<br>PLACE: |

1

| | |
|---|---|
| 1 | RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | INLANE, INC., a New York Corporation, and DOES 1 through 20, inclusive |
| 6 | Defendants. |

Defendant Inlane inc. ("Inlane") hereby answers the *Complaint for: (1) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers, [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; and (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)]* [Docket No. 2161] (the "Complaint") and admits, denies, and avers as follows:

## STATEMENT OF THE CASE

1. The allegations of paragraph 1 of the Complaint do not require an answer because the first sentence of the paragraph is a statement of law and the rest of the paragraph purports to summarize the Trustee's allegations. To the extent an answer is required, Inlane denies the allegations except admits that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023.

2. The allegations contained in the first sentence of paragraph 2 of the Complaint do not require an answer because they are a statement of law. To the extent an answer is required as to the first sentence, Inlane denies the allegations. Inlane denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

2

**STATEMENT OF JURISDICTION AND VENUE**

3. The allegations of paragraph 3 of the Complaint do not require an answer because they are a statement of law. To the extent an answer is required, Inlane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies them.

4. The allegations of paragraph 4 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies them.

5. The allegations of paragraph 5 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies them.

6. The allegations of paragraph 6 of the Complaint do not require an answer because they are a statement of law. To the extent an answer is required, Inlane lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies them.

**THE PARTIES**

7. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8. Inlane admits the allegations contained in paragraph 8 of the Complaint.

9. The allegations of paragraph 9 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies them.

10. Inlane admits the allegation in paragraph 10 of the Complaint that it is formed under the laws of the State of New York and that its address and/or principal place of business is 16 Piper Dr. Albertson, NY 11507, but denies the remaining allegations in paragraph 10.

11. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

## GENERAL ALLEGATIONS

**A.    THE BANKRUPTCY CASE**

12. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14. Inlane admits the allegation in paragraph 14 of the Complaint that on May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 and on that basis denies them.

**B.    FRAUDULENT ENTITIES**

15. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17. The allegations in paragraph 17 of the Complaint do not require an answer because they are a statement of law.  To the extent an answer is required, Inlane is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

18. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them.

19. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20. The allegations contained in paragraph 20 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

C. **PONZI SCHEME**

21. The allegations contained in paragraph 21 of the Complaint do not require an answer because they purport to describe a court filing. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and refers to the court filing cited for its complete contents.

22. The allegations contained in paragraph 22 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies them.

23. The allegations contained in paragraph 23 of the Complaint do not require an answer because they are statements of law and purport to quote caselaw. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and refers to the caselaw cited for its complete contents.

24. The allegations contained in paragraph 24 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 24 of the Complaint.

**D.    PREPETION CREDITORS AND LAWSUITS**

25. The allegations contained in paragraph 25 of the Complaint do not require an answer because they purport to describe a court filing. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and refers to the document cited for its complete contents.

26. The allegations contained in paragraph 26 of the Complaint do not require an answer because they purport to describe a court filing. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and refers to the document cited for its complete contents.

27. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies them.

28. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and on that basis denies them.

29. The allegations contained in paragraph 29 of the Complaint do not require an answer because they purport to describe court filings. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and refers to the document cited for its complete contents.

**E.    DEBTOR'S INSOLVENCY**

30.    The allegations contained in paragraph 30 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies them.

31.    The allegations contained in paragraph 31 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies them.

**F.    THE SUBJECT TRANSFERS**

32.    Inlane denies the allegations contained in paragraph 32 of the Complaint except admits that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023.

33.    The allegations contained in paragraph 33 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations. To the extent an answer is required, Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and on that basis denies them.

34.    The allegations contained in paragraph 34 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations. To the extent an answer is required, Inlane denies the allegations contained in paragraph 34 of the Complaint.

35.    The allegations contained in paragraph 35 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane refers to the statute cited in paragraph 36 of the Complaint for its complete contents.

**G.    DUE DILIGENCE**

37. Inlane admits that Plaintiff caused a letter dated February 11, 2025 to be mailed to Inlane and that Plaintiff did not receive a response to the letter. Inlane otherwise denies the allegations contained in paragraph 37 of the Complaint and refers to the document cited for its complete contents.

38. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and on that basis denies them.

## FIRST CLAIM FOR RELIEF

**(Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer Against All Defendants)**

39. In response to paragraph 39 of the Complaint, Inlane incorporates its responses to paragraphs 1 through 38 as thought set forth in full.

40. The allegations of paragraph 40 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane refers to the statutes cited for their complete contents.

41. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies them.

42. Inlane admits that the petition date was March 20, 2023, and that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023, but otherwise denies the allegations contained in paragraph 42 of the Complaint.

43. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and on that basis denies them.

44. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and on that basis denies them.

45. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and on that basis denies them.

46. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and on that basis denies them.

47. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and on that basis denies them.

48. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies them.

49. The allegations contained in paragraph 49 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations in paragraph 49 of the Complaint.

50. Inlane admits that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023, but otherwise denies the allegations in paragraph 50 of the Complaint.

51. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and on that basis denies them.

52. Inlane denies that Debtor received no benefit from the Transfers, but is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 52 of the Complaint, and on that basis denies them.

53. The allegations set forth in paragraph 53 of the Complaint do not require an answer because they purport to summarize plaintiff's allegations. To the extent an answer is required, Inlane denies the allegations contained in paragraph 53 of the Complaint.

54. The allegations contained in paragraph 54 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 55 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer Against All Defendants)**

56. In response to paragraph 56 of the Complaint, Inlane incorporates its responses to paragraphs 1 through 38 as thought set forth in full.

57. The allegations contained in paragraph 57 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane refers to the statutes cited for their complete contents.

58. Inlane denies the allegations contained in paragraph 58 of the Complaint.

59. Inlane denies the allegations contained in paragraph 59 of the Complaint.

60. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and on that basis denies them.

61. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and on that basis denies them.

62. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies them.

63. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis denies them.

64. The allegations contained in paragraph 64 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations in paragraph 64 of the Complaint.

65. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, and on that basis denies them.

66. The allegations set forth in paragraph 66 of the Complaint do not require an answer because they purport to summarize plaintiff's allegations. To the extent an answer is required, Inlane denies the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 68 of the Complaint.

### THIRD CLAIM FOR RELIEF

**(Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer Against All Defendants)**

69. In response to paragraph 69 of the Complaint, Inlane incorporates its responses to paragraphs 1 through 38 as thought set forth in full.

70. Inlane admits that the petition date was March 20, 2023, and that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023, and otherwise denies the allegations in paragraph 70 of the Complaint.

71. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis denies them.

72. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and on that basis denies them.

73. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and on that basis denies them.

74. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and on that basis denies them.

75. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and on that basis denies them.

76. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and on that basis denies them.

77. The allegations contained in paragraph 77 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations in paragraph 77 of the Complaint.

78. Inlane denies the allegations contained in paragraph 78 of the Complaint.

79. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and on that basis denies them.

80. The allegations set forth in paragraph 80 of the Complaint do not require an answer because they purport to summarize plaintiff's allegations. To the extent an answer is required, Inlane denies the allegations in paragraph 80 of the Complaint.

81. The allegations contained in paragraph 81 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 81 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 82 of the Complaint.

### FOURTH CLAIM FOR RELIEF

**(Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer Against All Defendants)**

83. In response to paragraph 83 of the Complaint, Inlane incorporates its responses to paragraphs 1 through 38 as thought set forth in full.

84. Inlane admits that the petition date was March 20, 2023, and that it received (1) a payment of $41,721.11 from Vulcan Consulting Group on October 25, 2022, (2) a payment of $15,691.61 from The Litigation Practice Group, PC on November 14, 2022, and (3) a payment of $38,886.03 from Prime Logix LLC on January 20, 2023, and otherwise denies the allegations in paragraph 84 of the Complaint.

85. Inlane denies the allegations contained in paragraph 85 of the Complaint.

13

86. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and on that basis denies them.

87. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and on that basis denies them.

88. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and on that basis denies them.

89. Inlane denies the allegations contained in paragraph 89 of the Complaint.

90. Inlane is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint, and on that basis denies them.

91. The allegations set forth in paragraph 91 of the Complaint do not require an answer because they purport to summarize plaintiff's allegations. To the extent an answer is required Inlane denies the allegations in paragraph 91.

92. The allegations contained in paragraph 92 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 92 of the Complaint.

93. The allegations contained in paragraph 93 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, Inlane denies the allegations contained in paragraph 93 of the Complaint.

### FIFTH CLAIM FOR RELIEF

**(Disallowance of Claim Against All Defendants)**

94. In response to paragraph 94 of the Complaint, Inlane incorporates its responses to paragraphs 1 through 38 as thought set forth in full.

95. Inlane admits the allegations contained in paragraph 95 of the Complaint.

96. The allegations set forth in paragraph 96 of the Complaint do not require an answer because they purport to summarize plaintiff's request. To the extent an answer is required, Inlane denies any factual allegation encompassed within paragraph 96 of the Complaint.

## PRAYER

97. The remainder of the Complaint contains a "Prayer" for relief to which no response is required. However, to the extent a response is required, Inlane denies that plaintiff has any viable claims or causes of action against it or that plaintiff is entitled to any relief against Inlane (whether included in the "Prayer" or otherwise).

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

98. For a separate and first affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that the Complaint fails to state a claim upon which relief can be granted against Inlane.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

99. For a separate and second affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

100. For a separate and third affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

101.    For a separate and fourth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith)

102.    For a separate and fifth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff commenced this action in bad faith against Inlane.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

103.    For a separate and sixth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

104.    For a separate and seventh affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by the doctrine of unconscionability.

### EIGHTH AFFIRMATIVE DEFENSE

### (Equity)

105.    For a separate and eighth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's claims are barred by common law and/or principles of equity.

### NINTH AFFIRMATIVE DEFENSE

**(Debtor's Own Conduct)**

106. For a separate and ninth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's damages, if any, were the direct and proximate result of the debtor's own conduct.

### TENTH AFFIRMATIVE DEFENSE

**(Unrelated, Pre-Existing, or Subsequent Conditions**

**Unrelated to Inlane's Conduct)**

107. For a separate and tenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's damages, if any, were the result of unrelated, pre-existing, or subsequent events unrelated to Inlane's conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

108. For a separate and eleventh affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's damages, if any, were the result of the debtor's failure to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

109. For a separate and twelfth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that plaintiff's damages, if any, must be reduced by the amount of any payments made to plaintiff and/or the debtor by any collateral sources, including to the extent the debtor has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims by any means.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

110. For a separate and thirteenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein based in equity, Inlane alleges that plaintiff has an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

111. For a separate and fourteenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that, at all times mentioned in the Complaint, Inlane acted in strict compliance with applicable state and federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith of Inlane)

112. For a separate and fifteenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that, at all times mentioned in the Complaint, they acted in good faith and without knowledge of the voidability of the transfers and in compliance with title 11 of the United States Code including, without limitation, 11 U.S.C. § 550 and applicable state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

113. For a separate and sixteenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane alleges that at the times of the alleged transfers, Inlane provided reasonably equivalent value to the Debtor for same.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Right to Assert Affirmative Defenses)**

114.    For a separate and seventeenth affirmative defense to the Complaint, and to each and every purported claim for relief against Inlane contained therein, Inlane reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

### DEMAND FOR JURY TRIAL

Inlane hereby demands a trial by jury on all issues triable by a jury and does not consent to a jury trial conducted by the bankruptcy court.

**WHEREFORE**, Inlane prays for judgment as follows:

1. That plaintiff take nothing by his Complaint;
2. That plaintiff be denied all relief sought;
3. For costs of suit herein; and
4. For such other and further relief as this Court deems just and proper.

Dated:  May 5, 2025                           PACHULSKI STANG ZIEHL & JONES LLP


By    */s/ Ira D. Kharasch*
       Ira D. Kharasch
       Victoria A. Newmark

       Attorneys for Defendant Inlane, Inc.